## GLOBE GRAIN & MILLING CO. v. INDUSTRIAL COMMISSION et al.

No. 6050. Rehearing Denied December 29, 1939. (97 P. 2d 582.)

For former opinion, see 98 Utah 36, 91 P. 2d 512.

*DeVine, Howell & Stine* and *Neil R. Olmstead,* all of Ogden, for plaintiff.

*Joseph Chez,* Atty. Gen. and *A. N. Ferro,* of Salt Lake City, for defendants.

WOLFE, Justice.

Objection is made by plaintiff to the language of the decision reading [91 P. 2d 512, 514]:

"The most independent of independent contractors therefore are not included in the class of individuals entitled to benefits, but a class of individuals, who under strict common law concept of independent contractorship were other than employees, are entitled."

The language was merely illustrative, but we delete it so as to avoid confusion. As stated in the opinion, "We need not draw the line. It is drawn for us by the Act." Since the act applies to a new field of law which has its own glossary and defines the relationships to which it applies, the

introduction of old concepts which fitted into the conceptual pattern of tort liability carried over into this field may only be confusing. The temptations to illustrate a new range of relationships by resort to concepts applicable to an entirely different field should perhaps be resisted. As stated in the opinion, services performed for "wages" as defined by the Act, with the exception of those carved out by a concurrence of the conditions of subsections (a), (b), and (c) of Sec. 19 (j) (5), Laws 1937, c. 43, make the relationships which the Act covers. We are asked to define what concrete situations fall under subsections (a) and (c) of the Act. This must be done by the inclusion-exclusion method as the cases are presented. The abstract language of (a) and (c) was in all probability derived from many realized concrete particularizations. We must reverse the process by determining whether the particular situations as they are presented to us by actual cases fall in or out of the descriptive phraseology of (a) and (c). More at this time we cannot do.

Petition for rehearing denied.

McDONOUGH and PRATT, JJ., concur.

MOFFAT, Chief Justice.

I dissent from the order denying the rehearing for the reasons stated in the dissenting opinion heretofore filed in this cause.

LARSON, Justice.

I dissent from the order denying the rehearing for the reasons stated in the dissenting opinion heretofore filed in this cause.